SUNDSTROM, Respondent v. SUNDSTROM, Appellant

(70 N. W.2d 65)

(File No. 9481.  Opinion filed May 4, 1955)

Rehearing denied June 14, 1955

**Robert C. Bakewell, Jr.,** Custer, **H. F. Fellows,** Rapid City, for Plaintiff and Respondent.

**Bellamy, Eastman & Christol,** Rapid City, for Defendant and Appellant.

RUDOLPH, P. J. The plaintiff as executrix of the Estate of Roy A. Sundstrom, deceased, brought this action against Carl H. Sundstrom alleging that a partnership existed between Roy A. and Carl H. Sundstrom during the life of Roy and asked for an accounting of the partnership affairs. The trial court found that a partnership did exist and entered judgment in favor of the plaintiff in the amount of $8,584.18.

Plaintiff alleged in the complaint and contended throughout the trial that Roy had contributed to the capital of the business, and that the business was owned and operated by the two brothers as partners.

Defendant denied any ownership by Roy. He contended that Roy was simply an employee and as compensation for his services Roy was to be paid 45% of the net profits derived from the business.

The trial court determined that the evidence was insufficient to establish any original investment in the business by Roy, but found that the brothers were partners in the business of editing and publishing the Custer County Chronicle, "with an agreement for division of net profits of said partnership as follows, viz: 55% thereof to defendant and 45% thereof to Roy A. Sundstrom."

Plaintiff has not appealed and defendant does not question the determination that Roy did not make any original investment in the business. The partnership as determined

by the trial court related only to the operation of the business.

The appellant raises and argues two questions. First, it is contended the court erred in holding that a partnership existed for the purpose of operating the business. Second, that the court erred in not allowing defendant credit for depreciation on the physical plant and an item set up as "Reserve for bad debts."

■ It is our view that the evidence is ample to sustain the holding that a partnership existed. Roy and Carl were brothers and operated a newspaper in Deadwood in partnership. Shortly after Carl purchased the Custer paper, Roy came to Custer and became associated in the business. For a time the paper carried the brothers as publishers. A partnership income tax return was filed from 1947 through 1951. Statements appeared in the paper indicating Roy was a part owner. After the death of Roy, Carl wrote to the accountant who prepared the income tax returns and stated that Roy's death terminated the partnership. No tax was withheld from the money paid to Roy. These facts all indicated the existence of a partnership and other facts in the record are not so conclusive, in our opinion, that this court should hold the clear preponderance of the evidence against the determination of the trial court.

■ The contention concerning the right of defendant to charge depreciation on the physical property as between the partners is without any foundation by express agreement. If such right exists it must be because of an implication of an agreement. We do not believe that such implication follows as a matter of course from the facts presented in this case. The contention is somewhat similar to the claim of a partner for interest upon money supplied as the capital of a firm. As a general rule there is no right to such interest as between partners in the absence of a special agreement. The allowance or disallowance of interest is to a large extent discretionary with the court and depends largely upon the circumstances of each particular case. Annotation, 66 A.L.R., page 4.

> "So, it has been ruled that a partner furnishing property and goods to be used in the partner-

ship business cannot at the dissolution claim for the ordinary natural decrease in value or depreciation of such property and goods, as that is a risk or incident which attaches to his property and is presumed to be an item considered when he entered into the contract." Annotation, L.R.A.1917E, page 878; Tutt v. Land, 50 Ga. 339.

■ ■ We are of the view that, in the absence of express agreement, the answer to the question whether depreciation should be charged between the partners must depend upon the circumstances of each case. It might be that in the absence of other facts, an implication would arise that depreciation should be charged by a partner furnishing the physical assets where the net profits are to be divided equally among the partners. But we need not so determine. In this case the record discloses that each partner was proficient in his calling. Each devoted his time to the business, and no reason appears for the differential of 10% in division of profits so far as ability, training and experience are concerned. It further appears that some weeks before Roy's death the two brothers went over the books of the partnership. Carl testified from such examination it was determined that Roy's interest in the business was roughly worth from ten thousand to eleven thousand dollars. The trial judge in his memorandum decision made special mention of this fact and was apparently of the opinion that charging depreciation against Roy was an afterthought on Carl's part and no part of the original agreement, or to be implied therefrom. As stated above there is no intimation in the record that a charge for depreciation by Carl was agreed to by the brothers. The subject was not mentioned while Roy was living. Nor is this a case where Roy was to be paid a portion of the net profits of a business owned by Carl. These brothers were partners and owned the business as such. True, under the findings of the court, Carl owned the physical plant but this was an essential to the operation of the business, and it was clearly the understanding when the 55% and 45% division was agreed to that Carl, who was getting the 55%, would furnish the property. Under these circumstances we

do not believe the trial court erred in refusing to allow depreciation.

■ There was no proof of any bad debts, so clearly the trial court properly rejected this item.

■ The trial court allowed Roy's estate 50% of the amount charged as depreciation and "Reserve for bad debts." We are of the view that the allowance should have been 45%. The disallowance of depreciation and "Reserve for bad debts" enhanced the profits to the extent claimed. Roy's share of the profits was 45%. The judgment is reduced by $429.79, and as reduced is affirmed.

All the Judges concur.